Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)



All material filed in this Court is now available via the **INTERNET**.  See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.      Full Name And Prisoner Number of Plaintiff:  NOTE:**  *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. **Armando Torres, 94-B-2073**

2. _____

-VS-

**B.      Full Name(s) of Defendant(s) NOTE:**  *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Superintendent, Dale A. Artus; WCF      4. Suan Schumacher, Dept Of Administ

2. Thomas Sticht, Deputy Supt. Of Security;WCF      Karen Crowley, Dept Of Prg.

3. Alan Herdzik, Lieutenant;WCF      6. Rosalyn Killinger, Dept Of Health Serv

**Please see attach paper pertaining DEFENDANT(S).**

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States.  This action is brought pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:**  *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:_____

Present Place of Confinement & Address:_____

_____

_____

Name and Prisoner Number of Plaintiff:_____

Present Place of Confinement & Address:_____

_____

_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMANDO TORRES, 94-B-2073,

                    Plaintiff.

                                              CIVIL RIGHT ACT
                                              42 U.S.C.§1983

            Vs.


Mrs. Kelly Smith, Wende Correctional Facility
Food Administrator; Facility Health Service
Director, Dr. Jacqueline Levitt, M.D.; Retired
Physician Assistant Mrs. Virginia Bluff, P.A.;
Retired Mrs. Suana Post, Deputy Superintendent
Of Health Services; Retired, Mrs. Joyce Veshia,
Regional Medical Unit-Nurse Administrator;
Mrs. Nicole White, Infection Control Nurse;
Correctional Officer, Jeffrey Mayer;
**STATE CONTRACTORS; NAPHCARE INC.**
Mr. Rick Apollo, Vice President Of Dialysis
Operations; Dr. Aijaz Gundroo, M.D. Nephrologist
And Dr. Mandip Panesar, M.D., Nephrologist;
Mrs. Heather Amerlink, R.N., Nurse Manager;
Mrs. Nancy Olsen, R.N.; Mrs. Colleen Reitz, R.N.;
Mr. John Lascala, Social Worker; Mr. Dennis J.
Grzywna, R.D., C.D.N., Dietician.

                    Defendant(s).



     **This is a Civil Action seeking relief and/or damages to
defend and protect the Right Guaranteed by the Constitution
of the United States. This Action is brought pursuant to 42
U.S.C.§1983. The Court has jurisdiction over the Action pursuant
to 28 U.S.C.§1331, 1343(3) and (4), and 2201.**

**DEFENDANT'S INFORMATION NOTE:** *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: **Dale A. Artus**

(If applicable) Official Position of Defendant: **Superintendent of Wende Corr. Fac.**

(If applicable) Defendant is Sued in **XXX** Individual and/or **XXX** Official Capacity

Address of Defendant: **Wende Rd., P.O. Box 1187,**
        **Alden, New York 14004-1187**


Name of Defendant: **Thomas Sticht**

(If applicable) Official Position of Defendant: **Deputy Superintendent of Security,Wende Corr Fac.**

(If applicable) Defendant is Sued in **XXX** Individual and/or **XXX** Official Capacity

Address of Defendant: **Wende Rd., P.O. Box 1187,**
        **Alden, New York 14004-1187**


Name of Defendant: **Alan Herdzik**

(If applicable) Official Position of Defendant: **Lieutenant of Wende Correctional Facility**

(If applicable) Defendant is Sued in **XXX** Individual and/or **XXX** Official Capacity

Address of Defendant: **Wende Rd., P.O. Box 1187,**
        **Alden, New York 14004-1187**

        **please see attached additional DEFENDANT(S).**

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.    Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
        Yes **XXX** No ▇

*If Yes, complete the next section.* NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit: **State Of New York, et. al**

    Plaintiff(s): **Armando Torres, 94-B-2073-Claimant**

    Defendant(s): **State Of New York et. al**



2.    Court (if federal court, name the district; if state court, name the county): **Court Of Claims,**
    **Erie County, New York / Supreme Court Of the State Of New York,**
    **Appellate Division Fourth Judicial Dept.**

3.    Docket or Index Number: **Claim No.#1186/10  CA 11-02472**

4.    Name of Judge to whom case was assigned: **Court Of Claims Judge Philip J.Patti**
        **Appellate Judges' Centra, J. P., Fahey, Carni, and Sconiers, JJ.**

2

# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**658**
**CA 11-02472**
PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

ARMANDO TORRES, CLAIMANT-APPELLANT,

V                                        MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 118610.)

---

ARMANDO TORRES, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Philip J. Patti,
J.), entered May 31, 2011. The order, inter alia, granted the cross
motion of defendant to dismiss the claim.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Claimant appeals from an order that, inter alia,
granted defendant's cross motion to dismiss the claim on the ground
that claimant failed to comply with the requirements of Court of
Claims Act § 10 (3). We conclude that the Court of Claims properly
granted the cross motion inasmuch as the claim was not filed and
served nor was a notice of intention to file a claim served upon the
Attorney General within 90 days after the accrual of the claim (*see* §
10 [3]; *Ivy v State of New York*, 27 AD3d 1190, 1191). It is well
settled that " '[f]ailure to comply with either the filing or service
provisions of the Court of Claims Act results in a lack of subject
matter jurisdiction requiring dismissal of the claim' " (*Hatzfeld v
State of New York*, 104 AD3d 1165, 1166). We reject claimant's
contention that his claim did not accrue until after he had completed
the grievance process (*see generally Prisco v State of New York*, 62
AD3d 978, 978, *lv denied* 13 NY3d 706; *McClurg v State of New York*, 204
AD2d 999, 1000-1001, *lv denied* 84 NY2d 806). Claimant's further
contention that the continuous treatment doctrine applied to toll the
time period within which the notice of intention or claim may be
served (*see Ogle v State of New York*, 142 AD2d 37, 39) is not properly
before us because it is raised for the first time on appeal (*see
Hatzfeld*, 104 AD3d at 1167; *Williams v State of New York*, 56 AD3d
1208, 1208). In light of our determination, we need not consider

## Supreme Court
**APPELLATE DIVISION**
**Fourth Judicial Department**
**Clerk's Office, Rochester, N.Y.**

    *I,* **FRANCES E. CAFARELL**, *Clerk of the Appellate Division of the Supreme Court in the Fourth Judicial Department, do hereby certify that this is a true copy of the original order, now on file in this office.*



*IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court at the City of Rochester, New York, this*   JUN. 0 **7** 2013

_____
                              **Clerk**

claimant's remaining contentions.

Entered:   June 7, 2013

Frances E. Cafarell
Clerk of the Court

## DEFENDANT'S INFORMATION

Name of Defendant: Mrs. Heather Amerlink
Official Position Of Defendant: Naphcare Nurse Manager at Wende Dialysis
Defendant is Sued in  x  individual and/or  x  Official Capacity
Address Of Defendant: Wende Correctional Facility-Regional Medical Unit-
Dialysis Unit, Wende Rd., P.O. Box 1187, Alden, N.Y. 14004-1187

Name Of Defendant: Nancy Olsen
Official Position Of Defendant: Naphcare Nurse at Wende Corr. Fac. Dialysis
Defendant is Sued in x  individual and/or  x Official Capacity
Address Of Defendant: wende Correctional Facility-Regional Medical Unit-
Dialysis Unit, Wende Rd., P.O. Box 1187, Alden, New York 14004-1187

Name Of Defendant: Mrs. Colleen Reitz
Official Position Of Defendant: Naphcare Nurse at Wende Corr. Fac. Dialysis
Defendant is Sued in  x  individual and/or  x  Official Capacity
Address Of Defendant: Wende Correctional Facility-Regional Medical Unit-
Dialysis Unit, Wende Rd., P.O. Box 1187, Alden, New York 14004-1187

Name Of Defendant:  Mr. John Lascala
Official Position Of Defendant: Naphcare Social Worker at Wende Corr. Fac.
Defendant is Sued in  x  individual and/or  x  Official Capacity
Address Of Defendant: Wende Correctional Facility-Regional Medical Unit-
Dialysis Unit, Wende Rd., P.O. Box 1187, Alden, New York 14004-1187

Name Of Defendant: Mr. Dennis J Grzywna
Official Position Of Defendant: Naphcare Dietician at Wende Corr.Fac. Dialysis
Defendant is Sued in  x  individual and/or  x  Official Capacity
Address Of Defendant: Wende Correctional Facility-Regional Medical Unit-
Dialysis Unit, Wende Rd., P.O. Box 1187, Alden, New York 14004-1187

Name Of Defendant: Nicole White
Official Position Of Defendant: Wende-Regional Medical Unit-Infection Control
Nurse
Defendant is Sued in xx  individual and/or xx  Official Capacity
Address Of Defendant: Wende Correctional Facility, Wende Rd., P.O. Box1187,
Aldenp New York 14004-1187

Name Of Defendant: Joyce Veshia
Official Position Of Defendant: Wende-Regional Medical Unit ;Nurse Administator
Defendant is Sued in  xx  individual and/or xx  Official Capacity
Address Of Defendant: Wende Correctional Facility-Wende Rd., P.O. Box 1187
Alden, New York 14004-1187

## DEFENDANT'S INFORMATION

Name Of Defendant: Mrs. Kelly Smith

Official Position Of Defendant: Wende Food Service Administartor

Defendant is Sued in  x  individual and/or  x  Official Capacity

Address Of Defendant: Wende Correctional Facility, Wende Rd.,
P.O. Box 1187, Alden, New York 14004-1187

Name Of Defendant: Dr. Jacqueline Levitt, M.D.

Official Position Of Defendant: Wende Corr. Fac./Facility Health Serv.Director

Defendant is Sued in  x  individual and/or  x  Official Capacity

Address Of Defendant: Wende Correctional Facility,  Wende Rd., P.O.
Box 1187, Alden, New York 14004-1187

Name Of Defendant: Mrs. Virginia Bluff

Official Position Of Defendant: Retired Physician Assistant Wende Corr. Fac.

Defendant is Sued in  x  individual and/or  x  Official Capacity

Address Of Defendant: last known adress Wende Correctional Facility
wende Rd., P.O. Box 1187, Alden, New York 14004-1187

Name Of Defendant: Mr. Rick Apollo

Official Position Of Defendant: Naphcare Vice President Of Dialysis Operation

Defendant is Sued in  x  individual and/or  x  Official Capacity

Address Of Defendant: Naphcare Inc. 950 22nd Street N
Birmingham, Alabama 35203

Name Of Defendant: Dr. Aijaz Gundroo

Official Position Of Defendant: Naphcare Nephrolgist at Wende Dialysis Unit

Defendant is Sued in  x  individual and/or x  Official Capacity

Address Of Defendant: Erie County Medical Center, 462 Grider Street
Buffalo, New York 14215

Name Of Defendant: Dr. Mandip Panesar

Official Position Of Defendant: Nephrologist at Wende Dialysis Unit(Naphcare)

Defendant is Sued in  x  individual and/or  x  Official Capacity

Address Of Defendant: Naphcare Nephrologist at Wende Dialysis Unit
Erie County Medical Center, 462 Grider Street, Buffalo, New York 14215

Name Of Defendant: Mrs. Nancy Olsen

Official Position Of Defendant: Naphcare Nurse at Wende Corr. Fac.Dialysis

Defendant is Sued in  x  individual and/or  x  Official Capacity

Address Of Defendant: Wende Correctional Facility-Regional Medical Unit
Dialysis Unit, Wende Rd., P.O. Box 1187, Alden, New York 14004-1187

## DEFENDANT'S INFORMATION

Name Of Defendant:  Jeffrey Mayer

Official Position Of Defendant: Wende Correctional Facility Officer

Defendant is Sued in  xx   individual and/or  xx   Official Capacity

Address Of Defendant: Wende Correctional Facility-Wende Rd., P.O. Box 1187

Alden, New York 14004-1187

Name Of Defendant:   Suana Post

Official Position Of Defendant: Retired Wende-Regional Medical Unit-Deputy Supt.Health
Services

Defendant is Sued in xx   individual and/or  xx   Official Capacity

Address Of Defendant: Wende Correctional Facility-Wende Rd., P.O. Box 1187,

Alden, New York 14004-1187

Name Of Defendant:

Official Position Of Defendant:

Defendant is Sued in ___ individual and/or ___ Official Capacity

Address Of Defendant:


Name Of Defendant:

Official Position Of Defendant:

Defendant is Sued in ___ individual and/or ___ Official Capacity

Address Of Defendant:


Name Of Defendant:

Official Position Of Defendant:

Defendant is Sued in ___ individual and/or ___ Official Capacity

Address Of Defendant:


Name Of Defendant:

Official Position Of Defendant:

Defendant is Sued in ___ individual and/or ___ Official Capacity

Address Of Defendant:


Name Of Defendant:

Official Position Of Defendant:

Defendant is Sued in ___ individual and/or ___ Official Capacity

Address Of Defendant:

5.    The approximate date the action was filed: **Notice on May 5, 2010/ Claim on July 2, 2010**

6.    What was the disposition of the case?

        Is it still pending? Yes_____ No **XXX**       **Claim #1186/10**

                                       **OAG#10-111021**

        If not, give the approximate date it was resolved. **AD#CA 11-02472**  **ON JUNE 7, 2013**

    Disposition (check the statements which apply):

    **XXX** Dismissed (check the box which indicates why it was dismissed):

           _____    By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

           _____    By court for failure to exhaust administrative remedies**/failure... filig & Service**

                             **Provision of Court Of Claims Act....**

           _____    By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

           _____    By court due to your voluntary withdrawal of claim;

    _____ Judgment upon motion or after trial entered for

           _____ plaintiff

           **XXX** defendant.

**B.**    Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

        Yes_____ No **XXX**

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

        Plaintiff(s):_____

        _____

        Defendant(s):_____

        _____

2.    District Court:_____

3.    Docket Number:_____

4.    Name of District or Magistrate Judge to whom case was assigned:_____

    _____

5.    The approximate date the action was filed:_____

6.    What was the disposition of the case?

        Is it still pending? Yes_____ No_____

        If not, give the approximate date it was resolved._____

3

Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

_N/A_    By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

_N/A_    By court for failure to exhaust administrative remedies;

_N/A_    By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

_N/A_    By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

_N/A_   plaintiff

_N/A_   defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

A. FIRST CLAIM: On (date of the incident) **December 17, 2009**                    ,

defendant (give the **name and position held** of **each defendant** involved in this incident) **Mrs. Virginia Bluff, Physician Assistant (retired) and Facility Health Services Director Dr. Jacqueline Levitt, M.D. Supervisor of Physician Assistant Mrs. V. Bluff,**

did the following to me (briefly state what each defendant named above did): **Mrs. V. Bluff, Physician Assistant Provide Erie County Medical Transplant Unit With Wrong Medical Information (CANCER) after a Liver Biopsy that re-moved Plaintiff from Kidney transplant list . Then Mrs. V. Bluff, Physician Assistant Ordered Wrong Blood test that was taken from Plaintiff. After the wrong blood test taken, the corent blood test was then drawn after Mrs. V. Bluff, Physician corrected and addmited to her errors from the liver biopsy that was performed in August of 2009.** Dr. Jacqueline Levitt, Fac. Health Ser. Dir. never Review Mrs. V. Bluff, PA's work of Plaintiff.

The constitutional basis for this claim under 42 U.S.C. § 1983 is:  **inadequate medical Care/ Eighth Amendment  and denying plaintiff reasonable  to receive kidney transplant, & life exceptence**

The relief I am seeking for this claim is (briefly state the relief sought): Terminate Dr. Jacqueline Levitt, M.D from practicing Medicine in the Department Of Corrections And Community Supervision Facility's

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? **XXX** Yes _____ No  If yes, what was the result? **See Grievance#32054-09 "Wrong Medical Information"    Response Of IGRC: Per investigation**

Did you appeal that decision? **XXX** Yes _____ No  If yes, what was the result? **See Grievance#32054-09 Superintendant Appeal and Central Office Review Committe (CORC) denision**

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

_____

A. SECOND CLAIM: On (date of the incident) __ **March 22, 2010**                    ,

defendant (give the **name and position held** of **each defendant** involved in this incident) Grievance#WDE32595-10 "investigation incompleted" and providing with wrong transplant status at Erie County Medical Center and  Omission of error and lack of Wende Medical Staff in  checking I.D. cards of Inmates which resulted in Grievant delays in medical appointments and additional evaluations for kidney transplant

did the following to me (briefly state what each defendant named above did): Mrs. Virginia Bluff, P.A.

provided wrong medical information after her errors were corrected

Grievant had to be re-scheduled for several medical appointment

with Erie County Medical Transplant Surgical team and Gastroenterologist

then to request approval from Dr. Lester Wright, M.D. of Department Of

Corrections and Community Supervision of Albany, New York before

Grievant can be placed on a active transplant list

The constitutional basis for this claim under 42 U.S.C. § 1983 is: breach of duty of care with

lack of due process under the 14th Amendment

The relief I am seeking for this claim is (briefly state the relief sought): Plaintiff be place on a active

list immediately without any delay in unnecessary and ungoing tests

which has been reperated several times since error was corrected !!

#### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? __xx__ Yes _____ No  If yes, what was the result? See Grievance#32595/10

"investigation Incomplete" Response Of IGRC: Per investigation and letter

Did you appeal that decision? __xx__ Yes _____ No  If yes, what was the result? See Grievant#32595-10

superintendent Appeal and Central Office Review Committee (CORC) decision

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

#### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

For each defendant be liable  to  Plaintiff under money compensation

under instructive settlement in the sum of 9,000.00 every two years

exempting any legal fees or expertise retaining fees and The Change

in Department Of Corrections And Community Supervision with Hemodialysis

Patients in all aspects of treatment and care etc.. Especially Under

American With Disability Act and Section 504, To Terimnate all Naphcare

Staff etc.. at Wende or any other New York State Correction Facility..

Do you want a jury trial? Yes __xx__ No_____

6

THIRD CLAIM: On (date of the incident) letter of April 20, 2010 to Dr. Lester Wright Dept. Commissioner & Chief Medical Director of DOCCS

defendant (give the name and position held of each defendant involved in this incident) Plaintiff wrote to the above person and to Dr. J. Levitt, M.D. Facility Health Service Director (Wende C.F. ) and Superintendent of Security; Mr. Thomas Sticht-defendant and Dr. Aijaz Gundroo, M.D. -defendant Nephrologist for Naphcare Dialysis Unit at Wende Regional Medical Unit Plaintiff's concerns of applying hand cuffs on hemodialysis access arm area.

did the following to me (briefly state what each defendant named above did): The above defendant(s) disregarded Plaintiff's medical concerns in applying hand cuffs on hemodialysis access arm area, even with recommendation of Nephrologist and literature from the outside renal community "Core Curriculum For The dialysis Technician- A comprehensive Review Of hemodialysis"

The Constitutional basis for this Claim under 42 U S.C.§1983 is: Cruel and Unusual Punishment, Eight Amendment

The relief I am seeking for this claim is (briefly state the relief sought): provide a directive, policy or regulation or guideline in how hemodialysis patients/inmates be restrained on outside medical or transfers, by not applying hand cuffs on access arm area, regardless where access is located

Exhaustion of Your Administrative Remedies For This Claim:
Did you grieve or appeal this Claim? ____ Yes xx No If yes, What was the result? Plaitiff wrote letters to the above defendant(s) in seeking remedy
Plaintiff had the impression that all Department Of Correctional Services Medical Restriction Form are valid and reasonable pertaining to the issue of not applying hand cuffs on dialysis access arm area, for a possibility of access clotting.

FOURTH CLAIM On (date of the incident) June 15, 2010 at Wende Correctional
Facility; request Reasonable Accommodation for inmate with Diability; Per
Directive#2614
defendant (give the name and position held of each defendant involved

in this incident) On the above date of June 15, 2010, Plaintiff requested
reasonable accommodation per Directive 2614 to Mrs. Karen Crowely, Deputy
Superintendent of Programs at Wende Correctional Facility. Mrs. K. Crowley, DSP-
defendant responded with the identical response of Dr. Jacqueline Levitt, M.D.-
defendant and sent a carbon copy to Deputy Superintendent Of Health Service Mrs.
Suan Post-defendant

did the following to me (briefly state what each defendant named
above did) the above defendant(s) disregarded Plaintiff reasonable accommodation
request pursuant to directive 2614 was denied in all aspect of request 1 through 8.
On August 4, 2010, Plaintiff filed a Grievance-WDE#33266-10 "disagrees with Doctors
Decision" Grievant's Appeal to Superintendent is denied; Grievant's Request
unanimously Denied, Plaintiff attached letters from State University of New York
Downstate Medical Center from Eli A. Friedman, M.D., M.A.C.P.(U.K)-Distinguished
Teaching Professor, that agrees with DOCS-Facility Health Service Director of
Elmira Corr. Fac. Dr. J. Alves, M.D. in not applying hand cuffs on access arm area.


The Constitution basis for this Claim under 42 U.S.C.§1983
is; Discrimination of policies and cruel and unusual punishment; pursuant to Eight
Amendment

The relief I am seeking for this Claim is (briefly state the relief
sought): To amend Department Of Correction and Community Supervision Directives,
policies, protolcal, regulation and guidelines with Hemodialysis patients/inmates
pertaining to reasonable accommodation for hemodialysis patients/inmates in all
state correctional facilities

     Exhaustion of Your Administrative Remedies For This Claim:
Did You grieve or Appeal this Claim? xx Yes ___ No If Yes, what was
the result? Grievance-WDE#33266-10 was denied in all levels of the Department Of
Correction and Community Supervision, pertaining to reasonable accommodation for
inmates with disabilities under American With Disability Act.

<u>FIFTH CLAIM</u> On (date of the incident) <u>7/5/10 and 7/17/10, 7/18/10, 7/27/10</u>

 and 8/2/10, 8/18/10

defendant(give the <u>name and position held</u> of <u>each defendant</u> involved

in this incident) <u>Grievance #WDE-33069-10 lack of unsanitized</u>

  <u>Dialysis unit by State's employees and Naphcare-defendant(s)</u>

  <u>1. Mrs. Heather Amerlink, R.N., Nurse Manager; Mrs. Nancy Olsen,</u>

  <u>R.N.; Mrs. Colleen Reitz, R.N.; Mrs. John Lascala, social worker,</u>

  <u>in allowing to be treated in a hazardous medical environment--etc's</u> also
   letter(s) (2) defendant's;Ms. Nicole White, NIC; Mrs.  Joyce Veshia, N.A.
did the following to me (briefly state what each defendant named

           Also Defendant-Mrs. Suana Post, Deputy Superindent of Health Serv.
above did): <u>Mr. Jeffrey Mayer-Correctional Office-defendant on</u>

  <u>several occasion with the assistance of Naphcare medical staff;</u>

  <u>rushed patient(s) off of treatment; Mrs. John Lascala, claimed</u>

  <u>Wende Administration are NOT allowing him to provide dialysis</u>

  <u>information & Plaintiff asked defendant information about low</u>

  <u>blood pressure, which he never provided; defendant-Heather Amerlink-</u>

  <u>Nurse Manager of Naphcare, is permitting uncoded color hazardous</u>

  <u>waste trash bags; absence of needle dispenser; lack in advocating</u>
The   Constitution   basis   for   this   Claim   under   42   U.S C.§1983

is; <u>Cleanless, Eighth Amendment, Medical Care; Eighth Amendment</u>


The relief I am seeking for this Claim is (briefly state the relief

sought): <u>Naphcare medical staff at Wende Dialysis to advocate</u>

  <u>for the dialysis patients/inmates as expertise in the Renal Community</u>
  <u>under  42 C.F.R. 494; for Wende Security prohibited in patients/inmates</u>
  <u>medical scheduling or to provide additional security staff for escort</u>
  dialysis patients/inmates directly to housing unit after dialysys treatment
       Exhaustion of Your Administrative Remedies For This Claim:

Did You Grieve of Appeal this Claim? <u>xxx</u> Yes ____ No If Yes, What was

the result? <u>Grievance denied WDE#33069-10</u>

SIXTH CLAIM On (date of the incident) 8/10/10,  8/23/10, 9/5/10

 9/13/10 and 9/29/10

defendant (give the name and position held of each defendant involved

in this incident) Mrs. Nancy Olsen, R.N.;Mrs. Heather Amerlink, R.N.,
 Naphcare Nurse Manager; Suana Post, Deputy Superintendent of Health Services
 Facility Health Service  Director, Mrs. Jacqueline Levitt, M.D.

 Correctional Officer Mr. Jeffrey Mayer-defendant, also above Defendant(s)

did the following to me (briefly state what each defendant named

above did) Naphcare Nurse(s); Nancy Olsen, R.N.; Heather Amerlink,R.N.,
 Nurse Manager "retaliation" and inappropriate medical miscoduct; and
 delay in treatment by State's employee-Dr. Jacqueline Levitt, M.D.
 defendant; and Correctional Officer, Jeffrey Mayer "Confidentaility"
 of Patients/inmates medical information and treatment time; Mr. Suana

Post, Wende Deputy Superintendent of Health Service-defendant in permitting

C.O. Mayer involved in medical information and procedures at Wende-Dialysis
 unit with free access to medical records in Naphcare Nurse's Station(office)

The  Constitution  basis  for  this  Claim  under  42  U.S.C.§1983

is: violation of Medical information etc..;retaliation of complaints and
 Grievance(s); lack of denial of Care; Eighth Amendment; Informational
 (confidentiality) privacy; Fourteennth Amendment etc..

The relief I am seeking for this Claim is (briefly state the relief

sought): To prohibit any security of Wende-Regional Medical unit in violation
 patient/inmate medical information by entering in freely in Nurse's Office:
 and For any state medical employee consult with specialist of Kidney Disease
 about the complication after math and take the specialist's advisement as
 their training and experience in kidney disease etc...

     Exhaustion of Your Administrative Remedies For This Claim:
Did You Grieve or Appeal this Claim? xxx Yes ___ No If Yes, What was

the result? Grievance WDE#33369-10, denied; Appeal to Superintendent denied
 CORC:Unanimously Accepted in Part

**SEVENTH CLAIM:** On (date of the incident) 1/5/11, 2/14/11, 3/29/11
Grievance WDE#35081-11
Grievance-WDE#34223-11 and WDE#34470-11, WDE#34693-11 and Several Of Letter(s)

to DEFENDANTS (give the name and position held of each defendant

involved in this incident) besides writing Grievance Plaintiff wrote to
Naphcare Vice President of Dialysis Operation, including New YorkState
Department of Health in Troy, New York, the first individual is a
defendant; Plaintiff wrote to about Naphcare Nurse Nancy Olsen, R.N.defendant
Kelly Smith, Food Service Administrator-defendant at Wende Corr. Fac.

Mr. Thomas Sticht, Deputy Superintendent for Security at Wende Corr. Fac
as Defendant; Dr. Jacqueline, M.D., Wende-Facility Health Service Director
Deputy Superintendent for Security; Mr. Thomas Sticht at Wende Corr.Fac.

did the following to me (briefly state what each defendant named

above did) Naphcare provided a unsanitized treatment environment
Wende-Medical Administration providing Confidential medical  information
by Dr. J. Levitt,M.D.; Mrs. Kelly Smith, FSA, re-moved Plaintiff of Jewish
meals; Mr. T. Sticht, DSS, gave Plaintiff a hard time and the run-around
with Compression Gloves and leaving the Dialysis Unit with ice chips for
for medical necessity; Dr. Jacqueline Levitt, M.D. FHSD, refuse to provide
adequate medical care to plaintiff after several complaints and letter(s)
A letter to a non-defendant (Dr. Stanley Bukowski, M.D.) at Wende
to complains about the inadequate medical trearment provided by Wende-FHSD

The Constitution basis for this Claim under 42 U.S.C.§1983 is:

Eighth Amendment; Fourteenth Amendment

The relief I am seeking for this Claim is (briefly state the

relief sought); to have the state employee (House Keeper), clean the Wende-
Dialysis Unit with NO INMATES; Naphcare clean all equipmentsuch as;
blood pressue cuff; clips use or not; chairs; television and television
stations after each patients' treatment(s); front and back of Dialysis
machines after each treatment; Physician employed by the State highly
consider hemdialysis patient long term condition with complication(s)
   **Exhaustion Of Your Administrative Remedies For This Claim:**

Did you grieve or Appeal this Claim? xxYes ___No If Yes, What

was the result? Grievance#34223-11, grant in extent; WDE#-34470-11;grant in
extent, CORC;Accepted In Part; WDE#34683-11, denied, Appeal To Supt
accepted to that extent, CORC, unanimously Accepted in Part; Greivance-
WDE#35081-11, denied, Appeal to Supt, is accepted to that extent,CORC;
denied

**EIGHT CLAIM** On (date of the the incident) 9/5/11 9/15/11 9/20/11

9/22/11, 10/6/11, 11/7/11, 11/20/11, 11/28/11, 12/11/11

**defendsnt (give the name and position held of each defendant involved in this incident)** Sub-contractors for The State, Department Dr. Aijaz Gundroo, M.D. Nephrologist and

Dr. Mandip Panesar, M.D. Nephrologist and Heather Amerlink, R.N.-Nurse Manager

Colleen Reitz, R.N. Nancy Olsen, R.N., Rick Apollo, Naphcare Vice President

Dr. Jacqueline Levitt, M.D., Facility Health Service Director, Rosalyn

Killinger, Deputy Superintendent Of Health Services    Wende's Medical Employee

did the following to me (briefly state what each defendant named

above did): The State Subcontractors (Naphcare Dialysis) staff Physician's allowed Naphcare Nurse Manager (Heather Amerlink, R.N. and Colleen Reitz, R.N., and Nancy Olsen, R.N. to act inappropriate and unprofessional towards patients-under a unsanitary environment and allowing in not providing important medication to Plaintiff; Wende Medical staff in providing inadequate medical care pertaining to Plaintiff's several complaints of severe pain of Left hip and Left Knee and pain in Plaintiff's hands because of Carpel Tunnel syndrome and trigger finger with atrophy and due to the lack of care Plaintiff suffered months with pain and discomfort. Also allowing the Deputy Superintendent Of Security-Mr. Thomas Sticht in permitting Signed Dialysis Security Officers of bodily harm to Dialysis patients in wearing restrains while undergoing dialysis, and allowing unsigned security or other state employees invade the patients treatment area.

The Constitution basis for this Claim under 42 U.S.C.§1983 is:

Eighth Amendment; Fourteenth Amendment

**Exhaustion Of Your Administrative Remedies For This Claim:**

Did You Grieve Of Appeal this Claim? ____ Yes _xx_ NO If Yes,

What was the result? _____

Plaintiff only wrote letter(s) utilizing the available Administrative Remedy

of Complaining to State Of New York, Department Of Correctiona And Community

Supervision and The State Department Subcontractor for Dialysis such as to

Naphcare inc.

**NINTH CLAIM:** On (date of the incident) 3/8/12, 3/15/12, 4/16/12, 4/24/12 5/24/12, 5/26/12, 5/29/12, 6/4/12, 7/31/12, 8/14/12, 9/7/12, 11/16/12

defendant(give the name and position held of each defendant involved in this incident) Plaintiff was concerned in the medical CARE that Plaintiff was reciving from Naphcare Wende Dialysis staff and the lack of dialysis education being provided; And the lack and unaffordable access to Wende Law Library also contradiction with polices and procedures of Wende Facility Operation with access to the Wende Law Library; Not receiving General Population Meal Position in the Wende Regional Medical Unit; and Jeopardizing Wende Regional Medical Unit Patients and Plaintiff safety with (3) Broken Elevator simultanuosly

did the following to me (briefly state what each defendant named above did); Naphcare not providing adequate educational information and in not providing Names and Addresses of World wide organization and disregarding to Plaintiff's developing bone disease associated to long term complication of Heomodialysis etc.. Mrs. Karen Crowley, Deputy Superintendent of Prgrams lack in providing reasonable accommodation that was provided to the inmates in "Special Needs Unit" with affordable access to the Wende Law Library; and the Other Wende-Administrative Team also denying access to Wende Law Library such as the following Defendant(s); Dale Artus, Supt., Mr. T. Sticht, DSS; Lt. A. Herdzik; Can't go G.P. yard The Constitution basis for this Claim under 42 U.S.C.§1983 is;Ballfield

Fourth Amendment, Eight Amendment, First, Sixth & Fourth Amendment

The relief I am seeking for this Claim is (briefly state the relief sough): Wende Regional Medical Offenders access to Wende Law Library and to provide reasonable accommodation under the American With Disability Act to all available services programs activities with physical access in participation To provide Erie County Medical Center Hemodialysis Medical Staff services to Wende Hemodialysis Offenders and remove all present Nurse Manager and Nursing Staff at Wende Dialysis Unit at Wende-DIalysis Unit and to not limit the New Hemo-dialysis Medical Staff in providing the expertise that comes with confidential in invoking patients rights in receiving treatment in privacy etc..

**Exhaustion Of Your Adiminstrative Remedies For This Claim:**

Did you grieve or Appeal this Claim? xxx Yes ___ No If Yes, What was the result? WDE#-362556-12, Denied Law Library;denied, WDE#36418-12, portion of Food Missing-Granted...Extent, WDE#36420-12 Law Library Copies;Granted...extent WDE#36587-12 Denied Recreation cant go General Population Yard and only using the State Vehicle park-in-lot as Wende Regional Medical Unit Offender recreation area;; WDE#36624-12 Not Receiving Regular Portion of Food Granted..extent AppealGranted CORC;Unaimously accepted in Part, WDE#36838-12; granted ...extent; Appeal To Supt. Appeal Granted, Appeal To CORC; Unanimously Deined, WDE#37019-12 Granted, extent CORC; Accepted In Part

**TENTH CLAIM:** On (date of the incident)  6/10/13, 7/25/13, (2)-8/1/13, 8/15/13
8/22/13, 8/29/13

defendant (give the name and position held of each defendant involve
defendant-Rosalyn Killinger, DSHS, allowed and permitted
in this incident) unassigned state employees to enter freely were patients are
undergoing dialysis treatment, regardless of said posted Memo; including all Naphcare
Nurse Manager and Nursing Staff as defendant(s); including Dale Artus, Wende Supt.
and all Wende Administrative Team which the Memo was forwarded too; Mrs. Karen
Crowley, DSP, deny reasonable accommodation to Regional Medical Unit Offenders with
additional legal material and time pertaining to Wende Law Library Book Run; Dr.
Jacqueline Levitt, M.D. Wende Facility health Services Director delay in Medical
Care that left Plaintiff both hand with atrophy, and need for both total hip
replacement; Power Outage during Dialysis Treatment, Misconduct Of Naphcare, Officers

did the following to me (briefly state what each defendant named
 Wende Adm.   Allowed and permitted both Naphcare medical staff to function
above did): inappropriate under unsanitary environment condition(s), including
  hazardous condition(s) etc.. Wende Administration Team prohibited Regional Medical
  Unit Offender to Physically have affordable physical access to Wende Law Library
 and the present Law Library accommodation are inadequate in all aspects of doing
  or beginning any legal research and lack of physical access to the Computer
  system and not providing reasonable typewriters supplies without difficulties for
. Wende Regional Medical Unit Offender(s) those that are physical unable to attend
  the Wende Law Library; And the Facility Health Services Director let Plaintiff suffer

  with Carpel Tunnel Syndrome and Trigger finger and (8) weeks with Left Hip Fracture
The Constitution basis for this Claim under 42 U.S.C.§1983 is;
  Eighth Amendment, Fourth Amendment, First, Sixth Fourth Amendment(s)

The relief I am seeking for this Claim is (briefly state the relief
sought): Power outage (testing) after all dialysis treatment(s);
  prohibit free enter in Wende Dialysis in installing a BAR GATE DOOR;
  terminate Naphcare state subcontract and have Erie County Medical Center provide
  Hemodialysis in Wende Regional Medical Unit dialysis; To permit Regional Medical
  Unit Offenders physical Attend Wende Law Library or install a equality Law Library
  In Wende Regional Medical Unit with all supplies and legal Material and Computer
  system, copy machine etc...   To have better repair elevator services in Regional Unit

### Exhaustion Of Your Administrative Remedies For This Claim:

Did you grieve or Appeal this Claim? xx  Yes ___ No If Yes, What

Was the result? Grievance WDE#38245-13 denied. Superintendent Appeal Denied CORC
  pending. WDE#38273-13 denied. Superintendent Appeal denied  CORC pending and
WDE#38411-13 granted to Extent, Appeal to Supt. granted to Extent, pending
 CORC decision; No positive solution with Law Library Material or Physical
 Access for Regional medical Unit Offenders etc..

**ELEVENTH CLAIM:** On (date of the incident) <u>December 8, 2013, including months</u>
prior to December pertaining to low blood pressures on Hemodialysis Treatment

---

defendant (give the <u>name and position held</u> of <u>each defendant involve</u>

in this incident) <u>Dr. Madip Panesar, M.M. Naphcare Nephrologist, Naphcrae Vice</u>

President Of Dialysis Operation Mr. Rick Apollo, Naphcare Wende-Nurse Manager

Mrs. Heather Maerlink, R.N.

---

did the following to me (briefly state what each defendant named
            avoiding low Phosphorus levels and values by Naphcare Dr. M. Panear, M.D.
above did): After each of the above defendant(s) diverted from the issue by lowering
the Fresenuis hemodialysis temperature and increasing Plaintiff's Midodrine 12½
medication half way during treatment(Dr. Madip Panaser, M.D.) and still refusing to
use or program the Hemodialysis Fresenuis dialysis machine Uf profile #6, Which
Nurse Manager Heather Amerlink, R.N. claimed that its expensive to program in the
Heomdialysis machine, especially if there is no Nephrologist Order. On the Contrary
Plaintiff asked Dr. M. Panaser, M.D. for a Uf Profile #6 that is compatible to
Erie County Medical Center Hemodialysis Fresenuis's machine's.  Plaintiff alleges
that Naphcare Wende Medical Staff are conducting fraud in not providing upto date
technology under Medicare and medicaid and End Stage Renal Program etc..
The Constitution basis for this Claim under 42 U.S.C.§1983 is:_____

   Eighth Amendment claim,  Cruel  and unusual Punishment

---

The relief I am seeking for this Claim is (briefly state the relief

sought):<u>To allow all offenders the benefits in prison pertaining to the technology</u>
provided in the Renal community and pertaining to Hemodiaysis machine uf profiles
 without any discrimination or excuse from any dialysis medical staff etc...

---

### Exhaustion Of Your Administrative Remedies For This Claim:

Did you grieve or Appeal this Claim? ____ Yes <u>xxx</u> No If Yes, What

was the result? __<u>Plaintiff wrote to Napghcare inc Vice President Of Dialysis</u>
Operation; Dr. Madip Panesar, M.D. and Erie County Medical Center Transplant Coordinator
 Mrs. Kathleen Bonone, Plaintiff is still experiencing low blood pressure

STATE OF NEW YORK )
                    )
                   ) AFFIDAVIT OF ARMANDO TORRES
COUNTY OF ERIE    )

*14 C V0062 L*

ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER:

Upon the supporting Affidavit of the Plaintiff and the accompanying of Documents in NINTH CLAIM, it is

ORDERED, that the defendant(s); Wende Correctional Facility Deputy Superintendent of Security Mr. Thomas Sticht, as acting Superintendent; Wende Correctional Facility Deputy Superintendent of Programs Mrs. Karen Crowley, Wende Correctional Facility Deputy Superintendent of Health Services Mrs. Rosalyn Killinger, show cause in room _____ of the United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, on the _____ day of _____ 2014, at 9:30 o'clock, why a preliminary injunction should not issue pursuant to Rule 65(a), Fed. R. Civ. P , enjoining the said defendants, their successors in office, agents and employees and all other persons acting in concerns and participation with them, to provide a affordable and physical access to the Wende Facility Law Library to the Plaintiff with reasonable affordability to conduct adequate and sufficient legal research, which has been denied to Plaintiff at Wende Regional Medical Unit.

IT IS FURTHER ORDERED, that effective immediately, and pending the hearing and determination of the Order To Show Cause, defendants Wende Corr. Fac. Deputy Superintendent Mr. Thomas Sticht and Wende Corr. Fac. Deputy Superintendent of Programs, Mrs. Karen Crowley, also Wende Correctional Fac. Deputy Superintendent of Health Services, Mrs. Rosalyn Killinger shall arrange and utilizes the Department Of Corrections And Supervision(s); Directives#2614 "Reasonable Accommodation Inmates With Disability" and Policy and Procedures #3203 "Regional Medical Unit Individual Assessment" for the Plaintiff to be seen by Wende Regional Medical Unit primary Physician Dr Stanley Bukowski, M.D., to evaluate the condition of Plaintiff that will restore and maintain the full function in having affordable physical access with the assistance of a mobility aid (if

needed) or Ordered to Wende Facility Law Library and to obtain essential legal material available through the present computer system and legal assistance that will be needed throughout this petition.

IT IS FURTHER ORDERED, that this order to show cause, and all other papers attached to this Petition as exhibits in NINTH CLAIM for this application, shall be served on defendant(s); Wende C. F., Deputy Superintendent Of Security; Mr. Thomas Sticht, as acting Superinendent of Wende Correctional Facility and Wende Correctional Facility, Deputy Superintendent of Programs, Mrs. Karen Crowley. Wende Correctional Facility, Deputy Superintendent Of Health Services, Mrs. Rosalyn Killinger by February 25, 2014, and U.S. Marshals service is hereby directed to effectuate such services.

Pursuant to 28 U.S.C.§1746, Plaintiff delcare under penalty of perjury that the foregoing is true and correct.

_____
Armando Torres, 94-B-2073,
Plaintiff Pro Se


_____
United States District Judge

Dated; _____ ___, 2014



STATE OF NEW YORK
## DEPARTMENT OF CORRECTIONS
## AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS – BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

**BRIAN FISCHER**
COMMISSIONER

**OSBOURNE A. McKAY**
DEPUTY COMMISSIONER

July 24, 2012

Armando Torres, 94B2073
Wende Correctional Facility
3040 Wende Rd., PO Box 1187
Alden, NY 14004-1187

Dear Mr. Torres:

I have been asked by ADA Coordinator L. Buther to respond to your letter received in this office on April 27, 2012, concerning your access to the Law Library while at the Wende Correctional Facility's Regional Medical Unit (RMU).

Your concerns about medical patient's access to the Law Library has been discussed at length by the Wende C.F. Executive Team, and determined the current procedures will remain in effect. You are advised to request in writing any legal material/information you would like from the Law Library or request that a Law Library Clerk assist you with your legal matters.

Karen Crowley, Deputy Superintendent of Programs has addressed your concerns and advised that the current access provided is sufficient at this time and I concur. Your request to allow hospital patients to physically access the Law Library will continue to be reviewed and discussed by executive personnel until a safe, secure and logical solution can be developed.

Sincerely,

Bryan Bradt

Bryan Bradt
Affirmative Action Administrator 2
Office of Diversity Management

cc:    K. Crowley, DSP
       File

## AFFIDAVIT OF SERVICE
## BY MAIL

STATE OF NEW YORK)
                  : S.S.:
COUNTY  OF    ERIE)


I , *Armando Torres* _____, being duly sworn deposes and says:

1) I am 18 years of age and reside at the Wende Correctional Facility , located at 3622 Wende Rd., Alden, N.Y. 14004-1187.

2) On the *25* day of *JANUARY* , 20*14* , I placed and submitted a true document and/or copy(es) of said document(s), which consis of the following: *42 U.S.C. § 1983 Civil Rights Action with Exhibit(s) From 2009-2013 and Affidavit of Plaintiff For TRO. All with the Cover Letter*

in a properly sealed post paid wrapper and deposited same in an official depository under the exclusive care and control of the United States Postal Service , within the State Of New York Department Of Corrections And Community Supervision , mailed to the following party(es).

1) *United States District Court*
*U.S. Courthouse*
*2 Niagara Square*
*Buffalo, N.Y. 14202*

2) _____

3) _____

4) _____

SWORN TO BEFORE ME ON THIS *25* DAY OF *January* , 20*14*

*Arletha E. Haygood*
NOTARY PUBLIC

RESPECTFULLY SUBMITTED,

*Armando Torres*

ARLETHIA E HAYGOOD
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01HA6260705
MY COMMISSION EXPIRES *4-30-16*