UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARMANDO TORRES,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                                                              14CV62S

                              v.                              **Order**


SUPERINTENDENT DALE A. ARTUS, et al.,

                              Defendants.

---

Before the Court are two motions from plaintiff (proceeding pro se) (Docket Nos. 59,

56).  First is plaintiff's Notice of Motion (Docket No. 59) that is presumably under Federal Rule

of Civil Procedure 34 (stated as "under 34 Fed. R. Civ. P.") "concerning [the] Continuing

Violation Doctrine of Deliberate Indifference since 2009" (id. at 1).  The only express relief

sought is "for a favorable decision as seem just and proper" (id. at 2).  This is a repeat of a notice

of motion plaintiff filed back in April 2014 (Docket No. 6), which this Court first deemed as

premature as a motion to compel where no discovery had been scheduled and terminated that

motion (Docket No. 21; see also Docket Nos. 27, 51).

Second, plaintiff moved for appointment of counsel (Docket No. 56), supported by his

affirmation (Docket No. 57).  There, plaintiff alleges his medical condition precludes his access

to the law library to effectively represent himself (Docket No. 57, Pl. Affirm. ¶¶ 2-5, Exs. A, B,

G) and that he unsuccessfully contacted up to 40 lawyers and legal services agencies for

assistance (id. Pl. Affirm. ¶¶ 6-7, Exs. D, E, E-1, E-2).  He contends that he lacks education in

general and legal education in particular and that this case presents complex issues from the

"continuing violation doctrine of deliberate indifference of medical care at Wende Correctional

Facility" (id. ¶ 9).  He contends that the case may involve medical experts (id. ¶ 10) and

plaintiff's status as an inmate hinders his ability to conduct discovery (see id. ¶ 11).

## BACKGROUND

This is a pro se civil rights action under the Americans with Disabilities Act, 42 U.S.C.

§ 12101, et seq., and 42 U.S.C. § 1983 for violations of his civil rights.  Plaintiff is an inmate

currently housed in the Wende Regional Medical Unit due to his physical condition.  The

medical unit is in a separate building from the rest of the Wende Correctional Facility (including

its law library).  Plaintiff alleges denial of reasonable accommodation for his disability to afford

him access to the Wende law library since his hospitalization precluded him from walking to the

law library.  He complains of various events starting in 2009 regarding his medical care

(misdiagnosis and treatment of various ailments, placement in the medical unit and deprivation

of access to the law library, and the quality and type of food furnished to him).  Plaintiff later

sought to supplement these claims with similar claims from 2013-14.  (See Docket No. 50,

Report & Rec. of Oct. 31, 2014, at 2.)

Plaintiff moved for in forma pauperis status (Docket No. 2), which was granted (Docket

No. 5).  Defendants later answered (Docket No. 15) and a Scheduling Order was entered starting

the period for discovery (Docket No. 54).  Plaintiff also moved for leave to supplement the

Complaint (Docket No. 31) alleging subsequent denial of legal assistance while plaintiff was

housed in the Wende Regional Medical Unit and additional facts surrounding his previously

alleged claims.  He did not expressly allege continuing conduct by defendants in that motion.

This Court granted in part, denied in part plaintiff's motion to supplement his Complaint,

granting him leave to allege supplemental claims surrounding his food and medical treatment but

denying him leave to supplement his assistance from the law library claims (Docket Nos. 45

(Order of Chief Judge Skretny), 40 (Order of Magistrate Judge Scott, adopted by Chief Judge

Skretny, Docket No. 45)).  Plaintiff filed another motion for leave to supplement his Complaint

(Docket No. 43), which did not allege continuing violation of his rights.  This second motion to

supplement was denied (Docket No. 49).  Separately, this Court recommended denial of

plaintiff's motion for injunctive relief (Docket No. 16) seeking access to the law library from the

medical unit (Docket No. 50, Report & Rec. of Oct. 31, 2014).  Chief Judge Skretny adopted this

report (Docket No. 53) and rejected plaintiff's subsequent motion for reconsideration (Docket

Nos. 58 (Order), 55 (plaintiff's motion)).

DISCUSSION

I.      Plaintiff's Apparent Rule 34 Motion and "Continuing Violation Doctrine"

As a pro se submission, plaintiff's motion under Rule 34 needs to be liberally construed,

see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), but this motion appears cryptic.  First,

no relief is expressly sought.  Second, it cites to a document production rule, Fed. R. Civ. P. 34,

which has nothing to do with the continuing violation doctrine for pleading a continuous tort or

action.  Since plaintiff does not state what discovery he sought produced relative to a continuing

violation that he might seek to have compelled (or that defendants had refused to produce an

item regarding any continuing violation argument), this motion as a motion to compel is **denied**.

Plaintiff also filed, see W.D.N.Y. Loc. Civ. R. 5.2(f), his Request for Production of Documents

(Docket No. 60), a seventeen-page undated document with almost 100 separate document

3

requests.  At the last page of this request, plaintiff wishes the Court to consider the Continuing

Violation Doctrine since 2009 to present date, possibly conceding that these requests may appear

"unduly burdensome and vague and overly broad and time consuming" (id. at 17), in effect

anticipating arguments defendants may make in response to the requests.  There is no certificate

of service of this Request submitted, so, with electronic filing, the latest defense counsel would

have received it would have been on or about January 8, 2015, when filed by this Court.  Thus,

any failure of defendants to produce as to this request would be premature.  Under Rule 34, and

by the terms of plaintiff's notice (id. at 2), defendants have 30 days from date of service of the

Request to produce or otherwise respond, Fed. R. Civ. P. 34(b)(2)(A), or by February 7, 2015.

Thus, if seen as a motion to compel response to this Request, it is also **denied** as being

premature.  Absent a response from defendants or a request for a protective Order, this Court will

not address the breadth of the Request (but cf. Docket No. 60) posed by plaintiff at this time.

Alternatively, plaintiff may intend to seek leave to amend his Complaint to allege

continuing violation since 2009.  Where plaintiff initially alleged incidents since 2009 in his

Complaint (Docket No. 1), he never expressly stated that defendants were continuing to deprive

him or to deny him of his rights or state what conduct was continuing.  This motion only

contains the Notice of Motion and the Affirmation of Service, without any supporting papers

(such as a memorandum or proposed Amended Complaint), as required by this Court's Local

Civil Rules, W.D.N.Y. Loc. Civ. R. 15(a), for a motion for leave to amend.  Furthermore, when

leave was granted in part to supplement his Complaint, plaintiff was ordered to file the

supplemental pleading (Docket No. 40, Order of Aug. 7, 2014, at 6-7) but plaintiff has yet to file

that supplemental pleading.  Both motions by plaintiff to supplement his claims (Docket Nos. 31,

43) assert events in later years but do not allege that they constitute a continuing conduct by defendants.

Plaintiff's latest motion (Docket No. 59), if seen as a motion for leave to amend, is **denied**.  Plaintiff, however, may renew this motion in a proper format, with a proposed Amended Complaint and supporting affidavit and memorandum explaining (among other issues) what claims he alleges are continuing and by which defendants.

II.     Appointment of Counsel

The second motion is plaintiff's motion for appointment of counsel (Docket No. 56).  Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion, see In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986).  The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).  Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit," Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

This Court has reviewed the facts presented herein in light of the factors required by law.  Based on this review, plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AT THIS TIME**.  Although plaintiff's filings and his circumstances in the Wende medical unit show that his access to legal resources is strained, and despite his efforts to

5

retain counsel (see Docket No. 57, Pl. Affirm. ¶ 7, Exs. D (form letter sent to potential counsel),

E (list of attorneys contacted), E-1 (copies of returned envelopes), E-2 (copies of reply

correspondence)), plaintiff is still able to proceed with this case pro se.  Despite the argument

that this case is complex due to the continuing violation doctrine (id. ¶ 9), no such claims is

currently pending (as discussed above) and a continuing violation claim merely would require

plaintiff to show that a particular action continued to occur beyond the initial alleged date.

Advancing that claim is not complex as to require appointment of counsel at this time.

It remains the plaintiff's responsibility to retain his own attorney or to press forward with

his lawsuit pro se, 28 U.S.C. § 1654.

## CONCLUSION

For the reasons stated above, plaintiff's Notice of Motion apparently under Rule 34

regarding claims for continuing violation (Docket No. 59) is **denied** as a motion to compel.  If

that motion is interpreted as a motion for leave to amend the Complaint to allege continuing

violation, it is **denied** without prejudice for plaintiff to correctly move for that relief.

Plaintiff's motion for appointment of counsel (Docket No. 56) also is **denied without**

**prejudice**.

So Ordered.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       January 21, 2015

6