UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ARMANDO TORRES,

                          Plaintiff,

                                                      **Hon. Hugh B. Scott**


                                                          **14CV62S**

                  v.
                                                          **Report
                                                            &
                                                    Recommendation**


SUPERINTENDENT DALE A. ARTUS,
et al.

                          Defendants.

_____

        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 18, May 22, 2014) for dispositive motions.  The instant matter before the Court is

motion of defendants (Docket No. 83) to dismiss pursuant to Fed. R. Civ. P. 12(c).  Responses to

this motion were due August 7, 2015, any reply by August 18, 2015, and the motion was deemed

submitted (without oral argument) on August 18, 2015 (Docket No. 84).  Plaintiff filed his timely

response (Docket No. 87) and defendants replied (Docket No. 91).

        A status conference scheduled for August 27, 2015, was canceled due to this motion

(Docket No. 88) and, upon defendants' request (Docket No. 89), the deadline for dispositive

motions (including motions for summary judgment) were held in abeyance pending resolution of

the present motion (Docket No. 90).

**BACKGROUND**

This is a <u>pro se</u> civil rights and Americans With Disabilities Act, 42 U.S.C. §§ 12101, <u>et</u> <u>seq.</u>, action in which plaintiff, an inmate currently held in the Wende Regional Medical Unit ("RMU") due to his medical condition, seeks access to the Wende Correctional Facility ("Wende") law library (contained in a separate building) or reasonable accommodation for his disability to afford him that access. Plaintiff alleged eleven causes of action. Plaintiff complains here about events from December 2009 and various dates in 2010, 2011, and 2012 for misdiagnoses, mistreatment of different ailments he suffered while incarcerated, and placement in the regional medical unit. For example, in the Ninth Claim, plaintiff alleges that defendants, on various dates in 2012, denied him access to the Wende main law library while he was housed at the RMU, a maximum security unit, for dialysis treatment (Docket No. 1, Compl. at 20). He claims that he grieved these denials (<u>id.</u>). Subsequent motions sought to supplement these claims with events from 2013 and 2014 (Docket Nos. 40, 43). Plaintiff is physically unable to walk to the Wende law library. Within his Complaint (<u>id.</u>, Docket No. 1) and presently pending herein is his request for preliminary injunction to grant him access to the law library (<u>id.</u> at 22-23). He essentially claims that defendants deprived him of reasonable accommodations for his kidney ailment (in violation of the Americans with Disabilities Act) and misdiagnosed and mistreated that (and other conditions).

Plaintiff filed the original Complaint on January 30, 2014 (Docket No. 1).

Plaintiff moved for <u>in forma pauperis</u> status (Docket No. 2), which was granted (Docket No. 5). Defendants responded to the preliminary injunction requests (Docket Nos. 12, 14) contained in the Complaint, as well as served their Answer to the Complaint (Docket No. 15).

Plaintiff also moved for access to the Wende law library while being hospitalized at the RMU (Docket No. 16).

Plaintiff moved for a preliminary injunction and temporary restraining Order (Docket No. 16) and this Court recommended denying injunctive relief and granting plaintiff's motion to amend the Complaint (Docket No. 50); familiarity with this Report is presumed. Absent any objections, then Chief Judge William Skretny adopted this Report (Docket No. 53). Plaintiff later moved for reconsideration (Docket No. 55) but this motion was denied (Docket No. 58).

Meanwhile, plaintiff's first motion to supplement this Complaint (Docket No. 31) was granted in part, denied in part (Docket No. 40), which was affirmed by Chief Judge Skretny (Docket No. 45). Plaintiff filed his notice of appeal from this interlocutory Order (Docket No. 47) but later wrote to the Court of Appeals to withdraw the appeal (Docket No. 52), which that court dismissed (Docket No. 63). Plaintiff also filed a second motion to supplement this Complaint, to allege incidents from 2013 (Docket No. 43); that motion was denied but plaintiff was to file and serve an Amended Complaint as with fully exhausted claims as well as claims originally alleged by November 25, 2014 (Docket No. 49).

*Defendants' Motion to Dismiss*

Defendants now argue that certain claims are time barred and should be dismissed (Docket No. 83). They argue that the three-year statute of limitations applies to plaintiff's civil rights claims (id. Defs. Memo. at 3), N.Y. CPLR 214(2); Owens v. Okure, 488 U.S. 235, 251 (1989) ; Wilson v. Garcia, 471 U.S. 261 (1985) (federal courts should borrow state statutes of limitations for personal injury actions); Board of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 487-91 (1980) (federal courts borrow New York State rules for tolling statutes of

limitations unless that rule is inconsistent with federal law).  Plaintiff's Rehabilitation Act claims

are also governed by New York's three-year statute of limitation, <u>Harris v. City of N.Y.</u>, 186

F.3d 243, 247 (2d Cir. 1999); <u>Stropkay v. Garden City Union Free Sch. Dist.</u>, 953 F. App'x 37

(2d Cir. 2014) (summary Order) (<u>id.</u>).

Defendants seek to dismiss the First through Sixth Causes of Action.  In the First Cause

of Action plaintiff alleges an error in a blood test on December 16, 2009, while the Second

Cause of Action alleged another blood test error on March 22, 2010.  The Third Cause of Action

alleges that handcuffs were inappropriately used upon plaintiff on April 20, 2010, despite his

medical condition, and, in the Fourth Cause of Action, again on June 15, 2010.  The Fifth Cause

of Action alleges unsanitary conditions in the RMU dialysis unit on July and August 2010.  The

Sixth Cause of Action alleges inappropriate medical misconduct on August and September 2010.

These claims were alleged against defendants Virginia Bluff, Suana Post, Nicole White, Joyce

Veshia, John Lascala, and Jeffrey Mayer.  Defendants seek to have these claims (and these

defendants) dismissed.

Plaintiff objects and argues that his claims are timely (Docket No. 87).  He states that his

claims arose in 2009 (<u>id.</u>, Pl. Affirm. at 1).  First, he argues that the motion is premature since he

had not completed discovery (<u>id.</u> ¶¶ 4, 9) and notes objections to this discovery raised by

defendants (<u>id.</u> ¶ 10).  Plaintiff seeks this Court to liberally construe his response since he is

proceeding <u>pro se</u> (<u>id.</u> at page 5).

In reply, defendants contend that their motion is solely upon the pleadings and plaintiff's

outstanding discovery is not material (Docket No. 91, Defs. Atty. Reply Decl. ¶¶ 4-7).  They

state that plaintiff is relying upon summary judgment standards of Rule 56 for this motion for judgment on the pleadings under Rule 12(c) (id. ¶ 5).

## DISCUSSION

I.    Applicable Standard

Under Federal Rule of Civil Procedure 12(c) for judgment on pleadings, all well pleaded factual allegations are assumed to be true and to be construed in the light most favorable to the plaintiff, Patel v. Searles, 305 F.3d 130, 134 (2d Cir. 2002), cert. denied, 538 U.S. 907 (2003); Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57, 61 (2d Cir. 1985), but this presumption under Rule 12(c) does not apply to conclusory allegations, BCCI Holdings v. Pharaon, 43 F. Supp. 2d 359, 364 (S.D.N.Y. 1999).  A motion under Rule 12(c) should be granted if the moving party is entitled to judgment as a matter of law, Burns Int'l Sec. Serv. v. International Union, 47 F.3d 14, 16 (2d Cir. 1994).  "At any time after the pleadings close and before the trial commences, a party may move for a judgment on the pleadings under Rule 12(c)," with that motion made "within such time as not to delay the trial," Milton I. Shadur and Mary P. Squiers, 2 Moore's Federal Practice-Civil § 12.38 (2015); see Fed. R. Civ. P. 12(c).

A motion for judgment on the pleadings under Rule 12(c) is governed by the standard similar to that for a motion to dismiss for failure to state a claim under Rule 12(b)(6), wherein the Court accepts as true all allegations in the Complaint and draws all inferences in favor of the non-movant, here plaintiff.  Wynn v. Welch, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.); see Bloor, supra, 754 F.2d 57.  As under Rule 12(b)(6), the Court cannot render a judgment on the pleadings dismissing a complaint under Rule 12(c) unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45-46 (1957); but cf. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Like a Rule 12(b)(6) motion, a Rule 12(c) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). If the Court considers materials beyond the pleadings (and beyond matters taken with judicial notice), the motion has to be converted into a summary judgment motion under Rule 56, 2 Moore's Federal Practice, supra, § 12.38, including the opponent's response that discovery is necessary before he can respond to that motion, Fed. R. Civ. P. 56(d). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

II.    Application

Since defendants' motion focuses on what was alleged in the Complaint, the fact that plaintiff is in the midst of discovery is not material. The Rule 12(c) motion is timely despite the pending discovery demands.

The question here is whether plaintiff alleged timely claims. Plaintiff does not challenge the applicable statute of limitations for his claims. The six causes of action at issue arose from December 2009-September 2010 but plaintiff filed his Complaint on January 30, 2014. Under the three year limitations period for civil rights claims, claims alleged in January 2011 would be timely. Plaintiff contends that completion of discovery would establish his continuing violation

theory, <u>Ingalls v. Florio</u>, 968 F. Supp. 193, 200 (D.N.J. 1997) (Docket No. 87, Pl. Affirm. ¶ 10). But continuing violation requires plaintiff to allege a continuous practice and policy of discrimination, <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1333 (2d Cir. 1992) (quotation omitted), that "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it," <u>Cornwell v. Robinson</u>, 23 F.3d 694, 703 (2d Cir. 1994) (quotation marks omitted); <u>see</u> <u>Shomo v. City of N.Y.</u>, No. 07-1208-cv, 2009 U.S. App. LEXIS 23076, at *7 (2d Cir. Aug. 13, 2009), <u>replacing</u> 579 F.3d 176 (2d Cir. 2009). Plaintiff makes no such allegation here, <u>cf.</u> <u>Shomo</u>, <u>supra</u>, 2009 U.S. App. LEXIS 23076, at *10 (because the continuing violation doctrine can apply does not mean it must apply). Discovery will not help plaintiff plead a continuing violation. The issue before this Court on defendants' motion is whether plaintiff has pleaded a timely claim. Unlike the plaintiffs in <u>Ingalls</u>, <u>supra</u>, 968 F. Supp. at 200, plaintiff does not allege any ongoing violation from 2009 to a later (timely date) or to the present or a continuous practice or policy regarding his medical care. The First through Sixth Causes of Action allege only distinct incidents without alleging any connection between them or to subsequent events to have this Court reach back to the otherwise untimely claims.

Neither party relies upon materials beyond the pleadings, hence the Rule 12(c) motion is not converted into a summary judgment motion. Therefore, plaintiff's outstanding discovery should not prevent reaching defendants' motion to dismiss, unlike a summary judgment motion with its defense that a plaintiff-opponent needs discovery to respond to that motion, R. 56(d).

Accepting for this motion that the allegations in these Causes of Action are true, the events alleged occurred more than three years before January 2014 when this action was commenced and do not allege continuous activity to the date of the Complaint to have the prior

7

activities relate back. Therefore, defendants' motion (Docket No. 83) for judgment on the pleadings, dismissing certain defendants and Causes of Action, should be **granted**.

III.     What Remains

Following disposition of this motion and assuming adoption of this Report and Recommendation, plaintiff would still have claims under his Seventh through Eleventh Causes of Action (for events from January 2011) alleged against fifteen defendants, Superintendent Dale Artus; Deputy Thomas Sticht; Lt. Alan Herdzik; Dep. Suan Schumacher, Dep't of Admin.; Karen Crowley; Rosalyn Killinger, Dep't of Health Serv.; Nurse Heather Amerlink; Rick Apollo, Naphcare V.P. Dialysis Operation; Dennis Grzywna, Dr. Aljaz Gundroo; Dr. Jacqueline Levitt; Nancy Olsen; Dr. Mandip Panesar; Nurse Colleen Reitz; and Kelly Smith (see Docket No. 83, Defs. Memo. at 4). Defendants indicated their intention to later move for summary judgment as to these claims and parties (Docket Nos. 82, 89).

Upon action on this Report and final disposition of defendants' motion by Judge William Skretny, this Court will schedule a status conference (to determine what discovery remains for plaintiff) and set forth the deadline for discovery (if necessary) and further dispositive motions (cf. Docket Nos. 90, 89).

**CONCLUSION**

Based upon the above, it is recommended that defendants' motion to dismiss certain time-barred claims (Docket No. 83) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 21, 2015