UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMANDO TORRES,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

                                              **14CV62S**

                v.

                                              **Report & Recommendation**
                                              **&**
                                              **Decision & Order**

SUPERINTENDENT DALE A. ARTUS,
et al.

                Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 18, May 22, 2014) for dispositive motions. The instant matters before the Court are (a) the motion of defendants (Docket No. 131) for summary judgment; (b) plaintiff's motions seeking compelled discovery (Docket Nos. 134 (Request for Admissions), 135 (Answers to Interrogatories)); (c) plaintiff's motion seeking to suspend briefing for defendants' motion for summary judgment (Docket No. 133; see Docket No. 144); and (d) plaintiff's motion to compel (Docket No. 139). Responses to defendants' motion were due by April 10, 2017, with reply by April 24, 2017 (Docket No. 132), but the reply deadline was extended to May 11, 2017 (Docket No. 140) to conclude all briefing of the motions together (id.). As for plaintiff's motion to suspend briefing of the summary judgment and his motions to compel, the defense response was due by April 6, 2017, with reply due by April 21, 2017 (Docket No. 136). This Court there recognized that, under Rule 56(d), a summary judgment opponent can respond that he cannot

present facts to oppose the motion and presumed plaintiff's motions to compel raised that inability to respond (id.; see also Docket No. 144). Plaintiff also was directed to show his good faith attempts to obtain the sought discovery and was to do so by April 6, 2017 (Docket No. 136). Plaintiff then filed his motion to compel (Docket No. 139). Responses to this motion were due May 4, 2017, and replies to all motions were then due by May 11, 2017 (Docket No. 140). This Court later indicated that plaintiff's discovery motions would be resolved first and then defendants' summary judgment motion (id.).

## BACKGROUND

This is a pro se civil rights and Americans With Disabilities Act, 42 U.S.C. §§ 12101, et seq., action in which plaintiff, an inmate currently held in the Wende Regional Medical Unit ("RMU") due to his medical condition, seeks access to the Wende Correctional Facility ("Wende") law library (contained in a separate building) or reasonable accommodation for his disability to afford him that access. Plaintiff alleges in this action eleven causes of action. (Docket No. 1, Compl.) Plaintiff complains here about events from December 2009 and various dates in 2010, 2011, and 2012 for misdiagnoses, mistreatment of different ailments he suffered while incarcerated, and placement in the regional medical unit. For example, in the Ninth Claim, plaintiff alleges that defendants, on various dates in 2012, denied him access to the Wende main law library while he was housed at the RMU, a maximum security unit, for dialysis treatment (Docket No. 1, Compl. at 20). He claims that he grieved these denials (id.). Subsequent motions sought to supplement these claims with events from 2013 and 2014 (Docket Nos. 40, 43). Plaintiff is physically unable to walk to the Wende law library and he seeks a preliminary injunction to grant him access to the law library (Docket No. 1, Compl. at 22-23). He essentially

2

claims that defendants deprived him of reasonable accommodations for his kidney ailment (in violation of the Americans with Disabilities Act) and misdiagnosed and mistreated that (and other conditions).

Plaintiff filed the original Complaint on January 30, 2014 (Docket No. 1). He then moved for in forma pauperis status (Docket No. 2), which was granted (Docket No. 5). Defendants responded to the preliminary injunction requests (Docket Nos. 12, 14) contained in the Complaint, as well as served their Answer to the Complaint (Docket No. 15). Plaintiff also moved for access to the Wende law library while being hospitalized at the RMU (Docket No. 16).

Plaintiff moved for a preliminary injunction and temporary restraining Order (Docket No. 16) and this Court recommended denying injunctive relief and granting plaintiff's motion to amend the Complaint (Docket No. 50); familiarity with this Report is presumed. Absent any objections, then Chief Judge William Skretny adopted this Report (Docket No. 53). Plaintiff later moved for reconsideration (Docket No. 55) but this motion was denied (Docket No. 58).

Meanwhile, plaintiff's first motion to supplement this Complaint (Docket No. 31) was granted in part, denied in part (Docket No. 40), which was affirmed by Chief Judge Skretny (Docket No. 45). Plaintiff filed his notice of appeal from this interlocutory Order (Docket No. 47) but later wrote to the Court of Appeals to withdraw the appeal (Docket No. 52), which that court dismissed (Docket No. 63). Plaintiff also filed a second motion to supplement this Complaint, to allege incidents from 2013 (Docket No. 43); that motion was denied but plaintiff was to file and serve an Amended Complaint as with fully exhausted claims, as well as claims originally alleged by November 25, 2014 (Docket No. 49).

The current Scheduling Order (Docket No. 107, First Amended Scheduling Order, dated Mar. 23, 2016) concluded discovery on April 22, 2016 (see Docket No. 136).

Defendants then moved to dismiss certain claims because they were time barred (Docket No. 83). That motion was granted and those claims were dismissed (Docket No. 100, Order; see Docket No. 92, Report & Rec.).

*Defendants' Motion for Summary Judgment*

Defendants now argue that they provided plaintiff with adequate medical care (Docket No. 131, Defs. Memo. at 9-13). They contend that plaintiff was afforded access to the law library through law clerks and such access was adequate and reasonable accommodation under the Americans with Disabilities Act and the Rehabilitation Act (id. at 13-15). Defendants argue that plaintiff only made conclusory allegations of violations of his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments (id. at 15-17) and that certain grievances raised by plaintiff fail to state a constitutional violation (id. at 17-25).

*Plaintiff's Motions to Compel and Response to Defendants' Summary Judgment Motion*

Instead of attempting to address defendants' contentions, plaintiff moved to compel answers to his Request for Admissions (Docket No. 134) and to his Interrogatories (Docket No. 135). He also moved to suspend defendants' motion until plaintiff's motions to compel were addressed (Docket No. 133).

Plaintiff appears to have served his discovery demands with his motions to compel, with his Requests for Admission for individual defendants to respond to dated "March 2017" (Docket No. 134). Plaintiff's Interrogatories attached to his second motion to compel are dated March 19, 2017 (Docket No. 135).

4

Defendants respond that these discovery demands are untimely (Docket No. 138, Defs. Atty. Decl. ¶¶ 5, 12) and unduly burdensome (id. ¶¶ 5, 8). They note the extensive document production given to plaintiff to date (id. ¶¶ 6-7, 10, 14) and the extensions of time granted for completion of discovery (id. ¶¶ 9-11, 15). Defendants contend that plaintiff was aware of the factual issues and had discovery sufficient to respond to their motion (id. ¶¶ 12-13, 16-17; see Docket No. 137, Defs. Atty. Decl. ¶¶ 8-9), concluding that their motion is based upon plaintiff's medical record, documents produced to them months ago (Docket No. 138, Defs. Atty. Decl. ¶ 17).

In his motion to compel, plaintiff argues that he served a motion to compel back in March 2016 which has yet to be adjudicated (Docket No. 139, Pl. Motion ¶4 a); cf. Docket No. 108, Pl. Reply, wherein plaintiff made his declaration pertaining to defendants' response to a motion to compel).

### DISCUSSION

I.      Applicable Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is

5

genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). The opponent to summary judgment may argue that he cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d). If so, this Court may deny summary judgment, allow the opponent to conduct discovery, or provide other relief, id.

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id. Each statement of material

6

fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

As with pleadings, the filings of a pro se plaintiff in response to a summary judgment motion are to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

II. Application

A. Method for Decision of Pending Motions

Although plaintiff's motions can be decided by this Court by an Order, these motions are related to plaintiff's ability to respond to defendants' dispositive motion. As a result, plaintiffs' motions (including those seeking to suspend briefing of defendants' summary judgment motion) will be addressed in this Report & Recommendation.

B. Defendants' Summary Judgment Motion

Discovery was to conclude by April 22, 2016 (Docket No. 107). Despite plaintiff's means for seeking discovery after defendants moved, plaintiff clearly indicates that he cannot address the merits of defendants' motion without discovery. Under Rule 56(d), this Court may defer consideration of defendants' summary judgment motion or deny it or allow plaintiff time to conduct discovery or other appropriate relief, Fed. R. Civ. P. 56(d) (see also Docket No. 136). Defendants counter that the evidentiary record had been produced to plaintiff months ago to allow him ample opportunity to respond to their motion (Docket No. 142). Given that plaintiff is proceeding pro se, the Court will exercise some discretion in excusing plaintiff's belated discovery demands and in recognizing the need for a more flexible approach to disclosure. Therefore, under Rule 56(d), defendants' motion for summary judgment should be **denied without prejudice** to allow plaintiff to conduct discovery sufficient to give him material to

respond to the motion (see Docket No. 140). Plaintiff's motion to suspend briefing of defendants' motion is now **deemed moot** since consideration first of plaintiff's other motions to compel in effect suspended that briefing. At the conclusion of this Report, a new briefing schedule for defendants' summary judgment motion will be entered.

    C.      Plaintiff's Motions to Compel Discovery

A party needs to first serve discovery demands before moving to compel their production, see Moore's Federal Practice Civil § 37.05[1] (2017) ("a motion to compel may only be made after discovery has been sought unsuccessfully"); United States v. Mottolo, 605 F. Sup. 898, 915 (D.N.H. 1985) (motion to compel was premature when questions sought to be compelled were not propounded before the motion); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) (plaintiff failed to engage in discovery but brought motion to compel after defendant moved for summary judgment); Bermudez v. Duenas, 936 F.2d 1064, 1068 (9th Cir. 1991) (pro se party's motion to compel dismissed as premature); see also Moore's Federal Practice, supra, § 37.04 ("with respect to discovery probes or deposition questions, however, only the party that propounded the discovery request or question has standing to move to compel compliance," citing Fed. R. Civ. P. 37(a)(3)(B)). Here, plaintiff's motions to compel contained contemporaneous discovery demands and lacked any reference of prior requests. Since these demands were not served, there is nothing to compel. Furthermore, under Rule 37, plaintiff needed to certify his good faith efforts to obtain these Interrogatory answers and responses to Admissions prior to moving to compel, Fed. R. Civ. P. 37(a)(1).

Although plaintiff's belated discovery demands can forestall defendants' summary judgment motion (because plaintiff's inability to respond to the motion absent the discovery

sought), this Court is not required under Rule 56(d) to order that discovery. This Court has the discretion on how to deal with plaintiff's inability to respond to the summary judgment motion, see also Williams v. R.H. Donnelly Corp., 368 F.3d 123, 126 n.1 (2d Cir. 2004) (no abuse of discretion in denying more time for discovery where discovery could have obtained earlier). Defendants' motion is based (in part) upon plaintiff's medical record (which plaintiff has obtained in discovery), while plaintiff's Requests for Admissions (see Docket No. 134) and to a degree his Interrogatories (see Docket No. 135) focus on plaintiff's medical care. Answering these devices would be duplicative of the paper record already provided to plaintiff. Plaintiff's several motions to compel (Docket Nos. 134, 135, 139) are **denied**.

But considering plaintiff is an inmate proceeding pro se, he will need time with the renewed briefing for defendants' summary judgment motion to review the paper medical record to find material issues of fact (if any).

III.    Results

Following disposition of these motions and assuming adoption of this Report and Recommendation, plaintiff should be given an opportunity to review the documentary evidence already produced and determine if he could respond to defendants' motion for summary judgment. The new briefing schedule (set forth below in the Conclusion) should provide plaintiff adequate time to review that record and formulate a response to defendants' motion. The new deadline runs from the latter of entry of this Report or disposition of any objections to this Report.

**CONCLUSION**

Based upon the above, it is recommended that defendants' motion for summary judgment (Docket No. 131) be **denied without prejudice**. Plaintiff's motion to suspend briefing of this motion (Docket No. 133) is **denied as moot**. His motions to compel (Docket Nos. 133 (request for Admissions) 134 (Answers to Interrogatories), 139) are **denied**.

Briefing of defendants' motion for summary judgment **is renewed as follows:** plaintiff's response due thirty (30) days from the later of entry of this Report or determination of any objection to this Report; defendants' reply is due fourteen (14) days following plaintiff filing his response to this motion. The motion for summary judgment will be deemed submitted, without oral argument (unless otherwise scheduled by this Court) seven (7) days after defendants' deadline to reply in this motion.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S**

**ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       May 23, 2017