UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARMANDO TORRES,

                  Plaintiff,

                                                  **Hon. Hugh B. Scott**

                                                    **14CV62S**

                 v.                                             **Report**
                                                         **&**
                                                  **Recommendation**

SUPERINTENDENT DALE A. ARTUS et al.,

                  Defendants.

---

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 18). The instant matter before the Court remains (cf. Docket No. 145) the motion of defendants (Docket No. 131) for summary judgment, as well as ancillary proceedings following this Court's initial action on that motion. This Court rendered a Report & Recommendation & Decision & Order (Docket No. 145, May 23, 2017, hereinafter "May 2017 Report"). That Report considered this motion as well as plaintiff's motions (Docket Nos. 134, 135, 139; see Docket No. 146, Order of May 23, 2017) seeking discovery and (Docket Nos. 133, 143, 144; see Docket Nos. 146, 147, Orders of May 23, 2017), suspension of briefing of defendants' motion. In that Report (familiarity is presumed, as well as previous Reports, Docket Nos. 50, 92), plaintiff's motions were denied but recommended also denying defendants' motion under Federal Rule of Civil Procedure 56(d) to allow plaintiff to conduct further discovery before responding to the motion (Docket No. 145, May 2017 Report at 8-9, 7-8). That Report (id. at 10)

set a new briefing schedule for defendants' renewed summary judgment motion. This Court did not implement that schedule because of plaintiff's subsequent motions.

Plaintiff, however, moved for an extension of time to file his Objections to this Report & Recommendation and sought an expedited conference due to allegations of defense interference in plaintiff gathering evidence from other inmates (Docket No. 149). Judge William Skretny granted an extension of time to file Objections and referred the other matters to this Court (Docket No. 150). That deadline formally was not extended beyond July 14, 2017, but subsequent proceedings render that deadline moot.

This Court scheduled briefing on the obstruction allegation (Docket Nos. 151, 155, 157); defendants filed their response (Docket Nos. 152, 153). This Court held a status conference on September 6, 2017, and extended plaintiff's reply deadline (Docket No. 158). This Court extended that reply deadline further (Docket No. 160). Plaintiff then filed a series of complaints alleging denial of access to the prison law library and disturbance of his legal papers had hindered him from responding in this motion proceeding (Docket No. 161); defendants filed responses denying any abridgement of plaintiff's access (Docket Nos. 163-65). Plaintiff next claimed that he was to undergo carpel tunnel surgery and would be restricted in his ability to respond, seeking a further (yet open-ended) extension (Docket No. 166). This Court held another status conference (Docket No. 169; see also Docket Nos. 167 (noting that further extensions of the briefing would not be viewed favorably), 168) where plaintiff argued for further extension of time to respond (Docket No. 169). A final, but brief, extension of plaintiff's response deadline was granted, giving him until December 15, 2017, to respond (Docket

No. 170). Plaintiff then filed his response (Docket No. 171), and the matter was deemed submitted as of December 22, 2017.

## BACKGROUND

As discussed in previous Reports in this action (e.g., Docket No. 145, at 2-5; Docket No. 50, Report & Rec. of Oct. 31, 2014), this is a pro se civil rights and Americans With Disabilities Act, 42 U.S.C. §§ 12101, et seq., action in which plaintiff, an inmate currently held in the Wende Regional Medical Unit ("RMU") due to his medical condition, seeks access to the Wende Correctional Facility ("Wende") law library (contained in a separate building) or reasonable accommodation for his disability to afford him that access. Plaintiff alleges in this action eleven causes of action (Docket No. 1, Compl.). Plaintiff complains here about events from December 2009 and various dates in 2010, 2011, and 2012 for misdiagnoses, mistreatment of different ailments he suffered while incarcerated, and placement in the regional medical unit. For example, in the Ninth Claim, plaintiff alleges that defendants, on various dates in 2012, denied him access to the Wende main law library while he was housed at the RMU, a maximum-security unit, for dialysis treatment (id. at 20). He claims that he grieved these denials (id.). Plaintiff is physically unable to walk to the Wende law library and he seeks a preliminary injunction to grant him access to the law library (id. at 22-23). He essentially claims that defendants deprived him of reasonable accommodations for his kidney ailment (in violation of the Americans with Disabilities Act) and misdiagnosed and mistreated that (and other conditions).

Plaintiff filed the original Complaint on January 30, 2014 (Docket No. 1). Defendants responded to the preliminary injunction requests (Docket Nos. 12, 14) contained in the

Complaint[1] (Docket No. 1, Compl. at page 23 of 26 (Order to Show Cause under Ninth Claim for access to legal research while in the RMU)), as well as served their Answer to the Complaint (Docket No. 15). Plaintiff also moved for access to the Wende law library while being hospitalized at the RMU (Docket No. 16).

Plaintiff then moved for a preliminary injunction and temporary restraining Order (Docket No. 16) and this Court recommended denying injunctive relief and granting plaintiff's motion to amend the Complaint (Docket No. 50, Report of Oct. 31, 2014). Absent any objections, then-Chief Judge Skretny adopted this Report (Docket No. 53). Plaintiff later moved for reconsideration (Docket No. 55) but Chief Judge Skretny denied this motion (Docket No. 58).

Meanwhile, plaintiff's first motion to supplement this Complaint (Docket No. 31) was granted in part, denied in part (Docket No. 40), which was affirmed by Chief Judge Skretny (Docket No. 45). Plaintiff filed his notice of appeal from this interlocutory Order (Docket No. 47) but later wrote to the Court of Appeals withdrawing that appeal (Docket No. 52), and the

---

[1]In addition to the Order to Show Cause, plaintiff also alleged declaratory and injunctive relief. Docket No. 1, Compl. at pages 12 of 26 (termination of defendant Dr. Jacqueline Levitt from DOCCS), 13 of 26 (plaintiff being placed on active list for a kidney transplant), 14 of 26 (provide directive as to how dialysis patients are to be restrained outside of the facility), 15 of 26 (amend DOCCS policy regarding furnishing reasonable accommodations to hemodialysis patients), 16 of 26 (have Naphcare medical staff advocate for hemodialysis inmates), 17 of 26 (prohibit security staff from access to medical information merely by entering into nursing station), 18 of 26 (have prison staff and Naphcare staff clean the dialysis unit), 20 of 26 (afford access to RMU inmates to the Wende law library), 21 of 26 (terminate Naphcare's contract and have Erie County Medical Center provide hemodialysis at RMU; either permit RMU patients physical access to law library or install equal law library in RMU), 22 of 26(provide all inmates with access to dialysis technology without distinction).

Second Circuit dismissed that appeal (Docket No. 63; see also Docket No. 53, Order of Dec. 1, 2014, granting motion to withdraw interlocutory appeal).

Plaintiff also filed a second motion to supplement this Complaint, to allege incidents from 2013 (Docket No. 43); that motion was denied but plaintiff was to file and serve an Amended Complaint as with fully exhausted claims, as well as claims originally alleged by November 25, 2014 (Docket No. 49). Plaintiff never filed an Amended Complaint (see Docket No. 131, Defs. Statement ¶ 8; Docket No. 171, Pl. Memo. at 4).

Defendants moved to dismiss certain claims[2] because they were time barred (Docket No. 83; see Docket No. 92, Report & Rec., Aug. 21, 2015, at 4). That motion was granted and those claims were dismissed (Docket No. 100, Order; see Docket No. 92, Report & Rec.; Docket No. 171, Pl. Memo. at 7). After that dismissal, what remained were plaintiff's Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action (Docket No. 92, Report & Rec. at 8). There, plaintiff complained of the unsanitary conditions in the dialysis unit (Seventh, Eighth, and Tenth Causes of Action, Docket No. 1, Compl.; see Docket No. 171, Pl. Memo. at 7 (Seventh and Eighth Causes of Action described)). He also objects to not receiving medical information from Naphcare staff and denial of access to the law library (Ninth Cause of Action, Docket No. 1, Compl.). Plaintiff complains that non-medical staff freely entering the dialysis unit during treatments, untreated carpel tunnel syndrome and trigger finger (Tenth Cause of Action, Docket

---

[2]Defendants sought to dismiss the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, Docket No. 83, Defs. Memo. at 6. Defendants also sought dismissal of defendants Bluff, White, Post, Lascala, Mayer, and Veshia, who were only named in these counts, id.

No. 1, Compl.); and receiving negligent care in dialysis leading to low phosphorous levels (Eleventh Cause of Action, Docket No. 1, Compl.).

The current Scheduling Order (Docket No. 130, Fifth Amended Scheduling Order, dated Jan. 31, 2017), had dispositive motions due by March 17, 2017, while a previous Scheduling Order (Docket No. 107, First Amended Scheduling Order, dated Mar. 23, 2016)[3] concluded discovery on April 22, 2016 (id.; see Docket No. 136, noting discovery sought in 2017 was untimely under prior Scheduling Order).

*Defendants' Motion for Summary Judgment (Docket No. 131)*

Defendants argued that they provided plaintiff with adequate medical care (Docket No. 131, Defs. Memo. at 9-13). They contended that plaintiff had access to the law library through law clerks and such access was adequate and reasonable accommodation under the Americans with Disabilities Act and the Rehabilitation Act (id. at 13-15). Defendants pointed out that plaintiff only made conclusory allegations of violations of his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments (id. at 15-17) and that certain grievances raised by plaintiff failed to state a constitutional violation (id. at 17-25).

*Plaintiff's Motions to Compel and Response to Defendants' Summary Judgment Motion*

Instead of attempting to address defendants' contentions, plaintiff initially moved to compel answers to his Request for Admissions (Docket No. 134) and to his Interrogatories (Docket No. 135), although it appeared plaintiff never served these discovery demands prior to moving. Plaintiff served his discovery demands with his motions to compel, with his Requests

---

[3]Cf. Docket Nos. 114, Second Amended Scheduling Order, dated June 20, 2016; 118, Third Amended Scheduling Order, dated Sept. 16, 2017; 124, Fourth Amended Scheduling Order, dated Oct. 25, 2016.

for Admission for individual defendants to respond by "March 2017" (Docket No. 134) and he dated his Interrogatories attached to his second motion to compel "March 19, 2017" (Docket No. 135). He also moved to suspend defendants' motion until plaintiff's motions to compel were addressed (Docket No. 133).

Defendants argued that these discovery demands were untimely (Docket No. 138, Defs. Atty. Decl. ¶¶ 5, 12) and unduly burdensome (id. ¶¶ 5, 8) noting the extensive document production already given to plaintiff (id. ¶¶ 6-7, 10, 14) and the extensions of time granted for completion of discovery (id. ¶¶ 9-11, 15).

*Report & Recommendation of May 23, 2017 (Docket No. 145)*

This Court denied plaintiff's motions to compel discovery (Docket No. 145, May 2017 Report at 7-8, 8-9; see also Docket No. 146) and deemed moot his motion to suspend briefing of defense summary judgment motion (Docket No. 145, May 2017 Report at 8; see also Docket No. 147). As for defendants' motion for summary judgment, this Court recommended denying summary judgment to defendants at this time, reasoning that plaintiff needed sufficient time to review the discovery already produced to him in order to respond to the motion for summary judgment (Docket No. 145, Report at 7-9).

*Plaintiff's Subsequent Filings*

Rather than file Objections to the Report & Recommendation, plaintiff filed a series of motions seeking further discovery or extensions of time to file such Objections (Docket Nos. 149, 154, 156, 159, 161, 166), claiming impediments to conducting discovery or prosecuting the action (Docket Nos. 149, 161, 166). After a series of status conferences (Docket Nos. 158, 169) and responses from the defense (Docket Nos. 163-65) to some of plaintiff's

7

accusations, plaintiff ultimately had until December 15, 2017, to respond and conclude briefing on the motion (Docket No. 170).

Plaintiff eventually filed his timely response, addressing the merits of defendants' summary judgment motion (Docket No. 171).  He submits declarations from five inmates in RMU hemodialysis surveying their treatment as hemodialysis patients (Docket No. 171, Inmates' Decls.).  These inmates allege observing hygienic and care issues in the dialysis unit.

Plaintiff claims that defendants provided inadequate medical care to him and other dialysis inmates (Docket No. 171, Pl. Memo. at 9-11).  In particular, defendants furnished inadequate nursing and dialysis care, claiming that two defendant nurses (Olsen and Reitz) "avoided or was [sic] reluctant to wash their hands before treatment" (id. at 11, 11-17).  He contends that he obtained low phosphorus levels due to defendants' treatment (naming defendant Dr. Levitt in particular) (id. at 11), but also stating that these low levels could be due to side effects from his end stage renal disease (id.).  He alleges that defendant administrators discriminated against him in violation of the ADA and the Rehabilitation Act (id. at 17-28).  He notes various grievances that he claims rose to constitutional violations while he was in RMU (id. at 28-34).

Given plaintiff's response, this Court can address the merits of defendants' summary judgment motion.

**DISCUSSION**

I.      Applicable Standards

    A.      Summary Judgment

As noted in the last Report (Docket No. 145, Report at 5-7), summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). The opponent to summary

judgment may argue that he cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d). If so, this Court may deny summary judgment, allow the opponent to conduct discovery, or provide other relief, id.

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id. Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3). Here, plaintiff files a Statement of Disputed Facts (Docket No. 171) and declarations of other inmates surveying their treatment as hemodialysis patients at the RMU (Docket No. 171) in opposition to granting summary judgment to the defense.

As with pleadings, the filings of a pro se plaintiff in response to a summary judgment motion are to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

B.   Deliberate Indifference under the Eighth Amendment

Under the Eighth Amendment, in order to state a claim for inadequate medical treatment, plaintiff must allege that defendants acted with "deliberate indifference to [a] serious medical

10

need," LaGrange v. Ryan, 142 F. Supp. 2d 287, 293 (N.D.N.Y. 2001); see Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also Gregg v. Georgia, 428 U.S. 153, 173 (1976) (the Eighth Amendment prohibits infliction of "cruel and unusual punishments" which includes punishments that "involve the unnecessary and wanton infliction of pain") (citations omitted); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).

"To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Hathaway, supra, 37 F.3d at 66 (quoting Estelle, supra, 429 U.S. at 104). Mere negligent treatment or malpractice upon a suspect, however, does not create an Eighth Amendment violation, see Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972). This claim has two elements, an objective component, that the deprivation must be sufficiently serious; and a subjective component, that the defendant official must act with sufficiently culpable state of mind. Hathaway, supra, 37 F.3d at 66. "Sufficiently serious" for the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (quoted in Hathaway, supra, 37 F.3d at 66). Plaintiff needs to prove that defendants wantonly intended to cause him to suffer. Wilson v. Seiter, 501 U.S. 294, 302 (1991).

C. Access to the Courts and Adequate Law Library in Prison

Under Bounds v. Smith, 430 U.S. 817, 828 (1977), "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." See Lewis v. Casey, 518 U.S. 343, 346 (1996).

Plaintiff's argument is under the ADA and § 504 of the Rehabilitation Act. Both statutes prohibit excluding a qualified individual from a benefit of services, programs, or activities due to their disability, 42 U.S.C. § 12131 (ADA); 29 U.S.C. § 794 (Rehabilitation Act § 504) (Docket No. 131, Defs. Memo. at 13). A qualified individual is a person with a disability who with or without reasonable modifications meets essential eligibility requirements for receipt of services or participation in programs or activities provided by a public entity, 42 U.S.C. § 12131. Under Section 504, an otherwise qualified individual may not be denied a benefit solely by reason of their disability under any program or activity receiving federal funds, 29 U.S.C. § 794; Southeastern Comm. College v. Davis, 442 U.S. 397, 405 (1979). (Id.) To state a claim under the Rehabilitation Act, the plaintiff must allege that he is handicapped as defined by the Act, that he was otherwise qualified to participate in the offered activity or program, that he was excluded from participation, and the entity denying participation received federal financial assistance, Rothschild v. Grottenhaler, 907 F.2d 286, 289 (2d Cir. 1990) (id.). Both acts are to be interpreted and applied consistently, see Garcia v. S.U.N.Y. Health Scis. Ctr., 280 F.3d 98, 113 (2d Cir. 2001) (both acts "offer essentially the same protections for people with disabilities") (id. at 14).

II.     Plaintiff's Discovery and Schedule for Defense Motion for Summary Judgment

Plaintiff sought discovery to respond to defendants' motion both during the initial pendency of defendants' motion (Docket Nos. 134, 135, 139) and pending filing Objections to the first Report & Recommendation on that motion (Docket Nos. 149, 161, 166). Given the extensive response ultimately filed by plaintiff (Docket No. 171), his motions (Docket Nos. 149, 161) seeking to compel discovery are **deemed moot** as is his motion for extension of time for his

12

response (Docket No. 166). Plaintiff did file declarations from other inmates (Docket No. 171); so his difficulties in accessing them appear to be diminished (cf. Docket No. 149). Furthermore, plaintiff did not argue in his response (but cf. Docket No. 171) that he was unable to address defendants' contentions due to a lack of evidence or access to evidence.

With the time extended to plaintiff, he managed to review the discovery produced and obtained declarations that allowed him to respond to defendants' motion for summary judgment. Essentially, this Court now either reconsiders its Report & Recommendation for the defense motion or considers as "renewed" the motion for summary judgment following plaintiff's discovery activities. As a result, the first Report & Recommendation (Docket No. 145) is **terminated** for administrative purposes and this Report will serve to address defendants' motion.

III. Defendants' Motion for Summary Judgment (Docket No. 131)

    A. Treatment of Plaintiff's Kidneys

The focus of plaintiff's response is his claim of deliberate indifference in the mistreatment of his kidney ailment, the sanitary conditions at the RMU, and the lack of treatment information provided by defendants (see Docket No. 1, Compl., Seventh-Eleventh Causes of Action). Accepting plaintiff's allegations, he fails to show the results of the deprivations in his care to show the seriousness of the alleged deprivations to allege successfully the objective prong for a deliberate indifference claim. The only physical conditions alleged by plaintiff from his treatment in the RMU are (a) low phosphorus levels due to how his dialysis was conducted (leading to required bilateral hip replacement, Docket No. 171, Pl. Memo. at 11) and (b) untreated carpel tunnel syndrome and trigger finger. Plaintiff, however, does not provide medical evidence of the causation for the low phosphorus level. Plaintiff in his papers concedes

13

the cause may be the result of end stage renal disease itself rather than the manner of its treatment. Plaintiff has not established a material issue of fact as to this causation to recommend denial of summary judgment. At most, plaintiff alleges malpractice by defendants in how they operated the dialysis unit at RMU; mere malpractice does not state a violation of the Eighth Amendment, Corby, supra, 457 F.2d at 254.

Plaintiff also fails to allege defendants' state of mind (either individually or collectively) to show malice in depriving him of care for his kidneys. Plaintiff thus has not met the subjective prong for a prevailing deliberate indifference claim under the Eighth Amendment.

Therefore, defendants' motion (Docket No. 131) for summary judgment dismissing plaintiff's deliberate indifference claim should be **granted**.

B.      Plaintiff's Access to the Law Library (and to Courts) from RMU

Plaintiff's next major claims stem from his alleged denial of access to the law library (and by extension access this Court) while being housed in Wende's RMU (see Docket No. 1, Compl. Ninth Cause of Action). As previously noted (Docket No. 50, Report & Rec., Oct. 31, 2014, at 6; Docket No. 129, Order of Jan. 31, 2017; see also Docket No. 46, Defs. Atty. Decl. ¶ 35 (recounting instances plaintiff has filed motions under present conditions while in RMU); Docket No. 167, Order of Oct. 27, 2017 (recognizing that plaintiff received assistance in filing latest letter motion, despite his physical condition)) and from the voluminous proceedings in this case, plaintiff has found ways ultimately to access this Court (such as requesting and receiving additional time to respond or complete some process). Plaintiff sent numerous papers and letters to this Court during the course of this action, this despite having to relying upon law clerk runners. Defendants contend that he (and other patient inmates in the RMU) had access to the

14

law library through law clerk runners because plaintiff's compromised condition precludes him from going to the library himself (Docket No. 14, Killinger Decl. ¶¶ 10-13, 14-16, Docket No. 131, Defs. Statement ¶ 74) and in fact he availed himself of the law library (Docket No 14, Killinger Decl. ¶¶ 17, 21, Ex. C, Bates Nos. 0114-0121; Docket No. 131, Defs. Statement ¶ 81 (evidence of plaintiff's access to the library found from his numerous grievances and complaints)). Wende has a policy affording law library access to patient inmates in the RMU by a law clerk runner during a 2-10 shift (Docket No. 131, Defs. Statement ¶ 82).

Previously, this Court recommended denial of plaintiff's motion for a preliminary injunction to compel access to the law library on his terms (Docket No. 50, Report & Rec., Oct. 31, 2014, at 6, accepted, Docket No. 53, Order of Dec. 1, 2014). In denying plaintiff's attempt to supplement his Complaint (see Docket No. 31), then-Chief Judge Skretny also found that plaintiff needed to plead actual injury arising from denial of access to the courts, rather than merely seeking access to a law library on his terms (Docket No. 45, Order of Sept. 11, 2014).

Plaintiff's request to access the law library merely undergirds a constitutional claim for unfettered access to the courts (see id.). As noted by Judge Skretny, "the constitutional right of access to the courts is not 'an abstract, freestanding right to a law library or legal assistance,'" (id., quoting Casey, supra, 518 U.S. at 351). Justice Antonin Scalia in Casey stated that Bounds, supra, 430 U.S. 817, "did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary," Casey, supra, 518 U.S. at 351. "'Meaningful access to the

courts is the touchstone,'" id., quoting Bounds, supra, 430 U.S. at 823. Given plaintiff's circumstances, housed in a maximum-security medical unit, he desired access to the law library different from which was afforded him.

Plaintiff, however, frames this claim under two statutes, the ADA and Rehabilitation Act, claiming that he was denied a benefit or access to a program—use of the Wende law library—due to his disability (here renal failure and dialysis treatment). Although he argued this around the ADA and the Rehabilitation Act, plaintiff has no constitutional or statutory right to the library on demand. Bounds and Casey only require providing an inmate an adequate law library. Plaintiff does not complain about the adequacy of the Wende law library; rather he objects to how it is accessible for him. The ADA only requires furnishing a disabled person reasonable accommodations for their disability. Accepting that plaintiff is disabled (something defendants argue, see, e.g., Docket No. 46, Defs. Atty. Decl. ¶ 32), furnishing a law clerk runner from Wende's law library to the RMU is a reasonable accommodation where the full library cannot be moved to plaintiff in the RMU and plaintiff medically cannot be transported out of the RMU. As for § 504, defendants did not deny plaintiff a benefit solely due to his disability (assuming the Wende law library is federally assisted). The record here indicates that plaintiff had access to the law library and he used the library in prosecuting this action.

Defendants' motion for summary judgment (Docket No. 131) dismissing so much of plaintiff's claims as to law library access should be **granted**.

IV.     What Remains

This motion addresses plaintiff's remaining causes of action (Seventh through Eleventh) (see Docket No. 131, Defs. Memo. at 25-26). If this Court's recommendations are adopted, this action would be dismissed.

## CONCLUSION

Based upon the above, it is recommended that defendants' motion for summary judgment (Docket No. 131) now be **granted**. The earlier Report & Recommendation (Docket No. 145) is **administratively terminated and replaced with this Report**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. <u>See</u> <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

Chambers of the undersigned have mailed a copy of this Report & Recommendation to plaintiff at his address of record.

SO ORDERED.

                                                           */s/ Hugh B. Scott*
                                                           Hon. Hugh B. Scott
                                                           United States Magistrate Judge

Dated: Buffalo, New York
         January 4, 2018